LYMAN TYLER *vs.* JOSEPH S. FICKETT.

Penobscot. Opinion May 15, 1882.

*Deed. Evidence.*

Where the description in a deed develops a latent ambiguity, parol evidence is admissible to explain the same. Such evidence is also admissible to show whether a monument partially but erroneously described was the one intended.

While monuments capable of being identified must always control courses and distances, the measurement of the lines, whose courses and distances are given, should not be disregarded in determining the identity of the monuments claimed to be found with those referred to in the deed.

ON REPORT.

This was a real action to recover a lot of land and appurtenances situate in Bangor. The writ was dated September 21, 1880. General issue was pleaded, with brief statement of limitations barring the demandant's right, and claim for betterments.

The case was referred "to find the facts upon legal testimony, and report the same on legal principles, for the decision of the full court on law, with their conclusions, with leave to except." Their award, which was in favor of the plaintiff for a portion of the demanded premises and for his legal costs, made part of the case. The defendant filed the following exceptions thereto:

1. He excepted to the admission of the oral testimony of the Thompsons, to show what was their understanding or intention in defining the line as described in the deed; also to show their understanding or what was meant by the extension of the Odlin road; or to show that at the dates of the deeds they regarded the preliminary survey of the engineers in 1851, or 1852, as the line described; and to their testimony as reported, generally.

2. He also excepted to the conclusions drawn as to the true line described by the words "Odlin road extended," or "extension of the Odlin road," and to the giving effect to such conclusion as the true line; also, to the finding that the true line between the two lots in dispute was any other than the road actually existing and marked in the plan as "traces of a travelled way" leading over the corduroy bridge, as reported.

The exceptions were allowed, and the case reported to the full court, according to the terms of the reference—the court to render such judgment on the facts reported and legally found as the legal rights of the parties require, including the matter of title, boundaries, limitations, and betterments.

(Report of referees.)

. . . . "On the second of February, 1852, the "Odlin road," running from Bangor towards the Hermon line, was accepted and established by the city authorities of Bangor, from its easterly terminus in Bangor, as far towards the Hermon line as the point A, on accompanying plan, but no further.

"Some time after, but prior to October 16, 1852, the street engineers of Bangor, went out to the then westerly end of the "Odlin road,"for the purpose of running out a line for the extension of said road from the point A, westerly to the Hermon line. They were accompanied by Willard Thompson and Thomas R. Thompson, hereinafter mentioned.

. "These engineers examined several routes before fixing upon a line, but, at length, they fixed upon a line, and put down stakes to designate the same. This line, so far as relates to this case, we find to be the one designated on accompanying plans, by dotted line, (o o o) C, D.

"This route we find, was understood by said Thompson to be fixed upon by the engineers, as the extension of said Odlin road to the Hermon line. The city of Bangor, however, never laid out any road over this projected line, and no road of any kind was ever built thereon. . . . .

"On the sixteenth of October, 1852, the said Willard Thompson, who then owned the demanded premises, and also land adjoining on the westerly and southerly side thereof, by deed of

that date, conveyed to Thomas R. Thompson a parcel of land, described as follows :

"'A certain parcel of land situated in said Bangor, bounded and described as follows, to wit :

"'Beginning on the westerly line of Bangor, between Bangor and Hermon, at a stake and stones on the northerly line of the continuation of the "Odlin road," so called. Thence running on said Hermon and Bangor line one hundred and thirty-one rods to a birch tree ; thence easterly on the line between the German lot, so called, and lot number eight (a part of the land being conveyed) fifty rods, to a spruce tree ; thence southerly one hundred and thirty-one rods, to said Odlin road ; thence on said Odlin road to the bound begun at ; containing forty acres, more or less, being part of the land purchased by myself and Verplast of True and McQuesten.'

"On October 29, 1853, said Willard Thompson, by deed of that date, conveyed to Erastus Gowen a parcel of land described as follows : 'A certain tract or parcel of land, situate in said Bangor, bounded and described as follows, viz : Beginning at an iron post, south corner of Bangor, thence running easterly on Hampden line seventy-two rods to a stake ; thence northerly on said Thompson land, forty-five rods to Odlin road extended ; thence on Odlin road extended, seventy-two rods to Hermon line ; thence on Hermon line forty-five rods, to the first bound, containing twenty acres, more or less.'

"We find that said Willard Thompson and Thomas R. Thompson, at the dates of the two aforesaid deeds, regarded the preliminary survey of 1852, as the true line of the Odlin road extended ; and this we find upon the testimony of said Thompsons, which was objected to by the defendant, but which we rule to be legal testimony.

"The said Odlin road was not extended, laid out, and made by the city, westerly of said point A, to the Hermon line, until 1864, and the same road was constructed westerly of the Hermon line, in the town of Hermon, about 1870 ; but in the meantime the woods roads before spoken of were being used for lumbering purposes, and such other travel as had occasion to go to one or two houses erected in the vicinity of the Hermon line." . . .

M, D, forms a part of the Hermon line. D, C, N, M, were the premises awarded the plaintiff by the referees. D, E, N, M, were the premises claimed by the plaintiff.

*Line claimed by plaintiff.*

*H. R. Mitchell,* for the plaintiff, cited : *Wing* v. *Burgis,* 13 Maine, 111 ; *Tibbetts* v. *Estes,* 52 Maine, 566 ; *Abbott* v. *Abbott,*

51 Maine, 581; *Stone* v. *Clark,* 1 Met. 378; *Crafts* v. *Hibbard,*
4 Met. 438; *Blaney* v. *Rice,* 20 Pick. 62; *Crafts* v. *Judson,*
119 Mass. 521; *Lincoln* v. *Edgecomb,* 28 Maine, 275; *Stevenson*
v. *Erskine,* 99 Mass. 367; *Block* v. *Pfaff,* 101 Mass. 535;
*Wilson* v. *Hildreth,* 118 Mass. 575; *Heaton* v. *Hodges,* 14
Maine, 66; *Hamilton* v. *Foster,* 45 Maine, 32; *Ames* v. *Hilton,*
70 Maine, 36.

A. W. *Paine,* for the defendant, cited: *Green* v. *Lunt,* 58
Maine, 533; *Miles* v. *Barrows,* 122 Mass. 579; *Chester Emery
Co.* v. *Lucas,* 112 Mass. 424; *Kellogg* v. *Smith,* 7 Cush. 375;
*Cook* v. *Babcock,* 7 Cush. 526; *Stearns* v. *Rice,* 14 Pick. 411;
*King* v. *Little,* 1 Cush. 436; *Waterman* v. *Johnson,* 13 Pick.
261; *Frost* v. *Angier,* 127 Mass. 212; *Abbott* v. *Abbott,* 51
Maine, 575; *Loring* v. *Norton,* 8 Greenl. 61; *Lincoln* v. *Wilder,*
29 Maine, 169; *Pike* v. *Monroe,* 36 Maine, 309; *Bradley* v.
*Wilson,* 58 Maine 357.

BARROWS, J. The fallacy of the positions taken by the
defendant in opposition to the report of the referees consists
mainly in the assumption that the phrases "continuation of the
Odlin road, so called," and "said Odlin road" in the deed from
Willard Thompson to Thomas R. Thompson, dated October 16,
1852, under which the plaintiff derives title, and the phrase
"Odlin road extended" in the deed of Willard Thompson to
Erastus Gowen dated October 29, 1853, under which the defend-
ant's title accrues, so properly describe and definitely point out
one of several wood roads, (made by lumbermen westerly of
what was then the westerly terminus of the Odlin road to enable
those who were lumbering on various lots in the vicinity to bring
out their logs and lumber to that point,) as to exclude parol
evidence to show that the grantor in those deeds (under whom
both parties claim) and the grantee in the first applied those
phrases to designate, not an existing travelled way, but the land
covered by a preliminary survey for the extension of the said
Odlin road to Hermon line, made and staked out by the
street engineers of the city of Bangor some time between February
2, 1852, and October 16, 1852, (when the first deed was given,)

but never in fact actually accepted or opened as an extension of said Odlin road. The call does not accurately describe the monument.

But on the other hand neither of these lumbermen's wood-roads is, properly speaking, a continuation or an extension of "the Odlin road so called." They begin upon the various lots on which the lumbermen were engaged, and run to the westerly terminus of the Odlin road but compose no part of "the Odlin road so called," nor do they or either of them constitute an extension of it, existing or prospective. The road surveyed and staked out by the engineers from the terminus of the Odlin road to Hermon line would, when constructed, answer the call as a "continuation of the Odlin road" or "the Odlin road extended," but it never was actually constructed, and here the case develops a latent ambiguity, to explain which parol evidence is admissible, and was we think properly received by the referees against the defendant's objections. *Crafts* v. *Hibbard,* 4 Met. 438, 452. Where the monument as found on the face of the earth answers the call in some but not in all particulars, the reference to it in the deed is not to be entirely rejected, but "parol evidence is admissible to show whether the monument partially but erroneously described was the one intended." *Abbott* v. *Abbott,* 51 Maine, 575, and cases there cited.

The "traces of a travelled way" which the defendant insists should be regarded as the "continuation of the Odlin road" or as "the Odlin road extended" correspond with no such extension either as contemplated in 1852, at the date of the deed, or as constructed in 1864, long subsequent to both the conveyances from Willard Thompson in which these phrases occur. They certainly answer the call no better than that which was surveyed and staked out for a continuation but not constructed. One of several lumbermen's wood-roads leading *to* a highway known by a distinctive appellation, cannot without doing violence to language be described as an extension of such highway. The identity of a monument existing on the face of the earth with one referred to in a deed is always a question of fact, and so far as the "traces of a traveled way" upon which the defendant relies are concerned,

it seems to have been decided adversely to him by the proper tribunal. We find nothing in the case to lead us to question the conclusion which the referees seem to have reached that neither of these wood-roads was "the Odlin road extended" or "the continuation of the Odlin road," referred to in the deeds. Resort must be had to existing circumstances and to the contemporaneous construction put upon the deeds by the parties interested to ascertain whereabouts on the face of the earth was the line thus erroneously designated. *Stone* v. *Clark*, 1 Met. 378; *Wing* v. *Burgis*, 13 Maine, 111.

The act of Erastus Gowen, under whom the defendant claims, in applying to Thomas R. Thompson for a deed of the land, in 1853, when about erecting the buildings upon the demanded premises is potent evidence against the claim which the defendant now asserts. If the defendant's construction had not been known to be incorrect by both of Willard Thompson's grantees, there would have been no pretence of title in Thomas R. Thompson to any land south of "the traces of the traveled way," and Gowen who was dealing in the same year with Willard Thompson for a parcel of land bounded on the north by "the Odlin road extended" would never have made a verbal contract with Thomas R. Thompson to pay him seventy-five dollars for a parcel of land on the south side of the same road to set his buildings on, which would upon the defendant's interpretation be included in Gowen's purchase from Willard Thompson. But this he did when the whole matter was fresh in the minds of all the parties; and as late as 1871 he or his grantees paid Thomas R. Thompson a considerable portion of the contract price, and thus we have both a contemporary construction by the parties conclusively negativing that claimed by the defendant, and an act invalidating his plea of the statute of limitations, and showing that until a comparatively recent date the defendant's possession was by permission of the plaintiff's grantors.

Another matter which appears in the case strengthens the plaintiff's position and helps to make it clear that the defendant suffered no wrong in the rejection of the wood-road as not being the monument named in the deeds as "the Odlin road extended."

While monuments capable of being identified must always control courses and distances, the measurements of the lines whose courses and distances are given should not be disregarded in determining the identity of the monuments claimed to be found with those referred to in the deed. Looking at the length of lines and quantities of land given in the deeds to Thomas R. Thompson and Erastus Gowen respectively, it is obvious that the wood-road claimed by defendant as a monument could not have been the one referred to in those deeds without such a mistake in the measurements as would be well nigh unaccountable. If any error was committed by the referees in their finding, it was not one which gives the defendant any just cause of complaint.

> *Exceptions overruled. Report of referees accepted. Judgment for plaintiff accordingly.*

APPLETON, C. J., VIRGIN, PETERS and SYMONDS, JJ., concurred.